# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rodessa Scoggins, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:11-3028-PMD-BM |
| v. ) | |
| ) | |
| Honeywell International, Inc., ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Bristow Marchant recommending that Defendant Honeywell International, Inc.'s ("Defendant" or "Honeywell") motion for summary judgment be granted. Also before the Court are Plaintiff's Objections to the R&R. For the reasons set forth below, the Court adopts the Magistrate's R&R and grants Defendant's motion for summary judgment.

## BACKGROUND/PROCEDURAL HISTORY[1]

Plaintiff is a former employee of Honeywell. On September 21, 2009, Plaintiff suffered an on-the-job back injury and instituted a worker's compensation claim. In November 2010, Plaintiff also began the process of filing a charge of discrimination against Honeywell with the EEOC. On March 1, 2011, Plaintiff settled her worker's compensation claim and also signed an Employment Release Agreement ("Release"), resigning her employment and releasing all other claims she had or might have against Honeywell.

The Release Plaintiff signed provides in relevant part that Plaintiff was releasing the Defendant:

---

[1] The facts of this case, including citations to the record, are discussed more thoroughly in the Magistrate's R&R.

> from any and all claims, demands, actions, or causes of action that [Plaintiff] now has or may later acquire arising out of her employment with [the Defendant] and the termination of said employment as described herein, including, but not limited to, any claims, demands, actions, or causes of action arising under . . . the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, . . . and all other laws of the
> United States of America . . .
>
> \* \* \* \* \* \* \*
>
> [Plaintiff] acknowledges that she has read the RELEASE AGREEMENT in its entirety, that she has had the opportunity, if she so desires, to consult with an attorney, and that her signature below constitutes her acceptance of this RELEASE AGREEMENT in its entirety.

Def.'s Exhibit M. At the time Plaintiff signed the Release, she was represented by counsel.

On or about October 3, 2011, Plaintiff filed a Complaint against Defendant asserting claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. Specifically, the Complaint alleged that Defendant denied Plaintiff, an African American female, a light duty position after she was injured on the job on the basis of her race and that Defendant retaliated against her for her comments regarding diversity. Defendant removed the action to federal court on November 7, 2011. On July 11, 2012, Defendant filed a motion for summary judgment arguing that Plaintiff knowingly and voluntarily released all claims against Defendant.[2] After receiving an extension of time to respond, Plaintiff filed a response in opposition to Defendant's motion on August 9, 2012. The Magistrate Judge issued its R&R recommending that this Court grant Defendant's motion and dismiss the case. Plaintiff filed Objections to the R&R on November 29, 2012.

---

[2] Defendant also argued that even if the Release was found to be invalid, it is still entitled to summary judgment because there are no material facts in dispute that would allow Plaintiff to prevail, and Plaintiff has produced no competent evidence to support her allegations.

2

## STANDARD OF REVIEW

**A.     Magistrate Judge's R&R**

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered, and the court may accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**B.     Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.,* 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary

judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

## ANALYSIS

To determine whether Plaintiff's waiver was knowing and voluntary, the Magistrate Judge looked at the totality of the circumstances surrounding the execution of the Release and considered several factors, such as: (1) the clarity and specificity of the Release language; (2) the Plaintiff's education and business experience; (3) the amount of time the Plaintiff had for deliberation about the Release before signing the Release; (4) whether the Plaintiff knew or should have known her rights upon execution of the Release; (5) whether Plaintiff was encouraged to seek, or in fact received, benefit of counsel; (6) whether there was opportunity for negotiation of the terms of the Release; and (7) whether the consideration given in exchange for the waiver and accepted by the Plaintiff exceeds the benefits to which the Plaintiff was already entitled by law or contract. *Torrez v. Pub. Serv. Co. of New Mexico*, 908 F.2d 687, 689-690 (1st Cir. 1990); see also *Cobb v. Potter*, No. 04-128, 2006 WL 2457812, at *4 (W.D.N.C. Aug. 22, 2006) (quoting *Medical Air. Tech. Corp. V. Marwan Inv., Inc.*, 303 F.3d 11, 19 n.4 (1st Cir. 2002)), [but deleting the Fourth Factor], aff'd, 2007 WL 2030546, at *1 (4th Cir. July 16, 2007). The Magistrate Judge correctly noted that the totality of circumstances test does not require that every element be met; rather, it only requires that after considering the totality of the circumstances, Plaintiff's waiver can be characterized as knowing and voluntary. *Melanson v. Browning-Ferris Indus., Inc*., 281 F.3d 272, 276 (1st Cir. 2002); *Cobb*, 2006 WL 2457812, at *4. After thoroughly applying each factor listed above to the circumstances of Plaintiff's case, viewed in the light most favorable to Plaintiff, the Judge concluded that Plaintiff's waiver was knowing and voluntary and therefore, summary judgment was warranted. Plaintiff makes two

4

specific objections to the R&R, which can be summarized as follows: (1) the Magistrate Judge failed to consider the overall circumstances Plaintiff was subjected to, which clearly amounted to a duress situation; and (2) the Magistrate Judge failed to consider Plaintiff's testimony that she did not know what she was signing, and she did not read the Release. The Court finds Plaintiff's objections meritless.

It is undisputed that "[b]oth Title VII and section 1981 employment discrimination claims may be waived by agreement" if waiver is made knowingly and voluntarily and may be enforced absent duress. *Torrez*, 908 F.2d at 689. Plaintiff fails to provide any evidence of duress, but simply states that Plaintiff was under duress because she "was informed to come in to her attorney's office [to] sing [sic] the release and receive her settlement . . . [and] she could not have her settlement unless she signed a one page document . . . ." Pl.'s Objections 6. As noted in the R&R, the Release is only one page in length and specifically states that Plaintiff waives any and all claims under the Civil Rights Act of 1964 and all other laws of the United States. The language could not be more clear and unambiguous. Further, Plaintiff was represented by counsel, and Plaintiff testified that she went over the Release with her attorney at the same time that she reviewed her worker's compensation settlement. There is no evidence that Defendant was present when Plaintiff met with her attorney to review the Release or that Defendant placed any time demands on Plaintiff preventing her from being able to fully review and consult with her attorney prior to signing it. Therefore, the record is simply devoid of any evidence of a duress situation. Plaintiff's second objection is also without merit as the R&R did address Plaintiff's testimony regarding the Release. The Magistrate Judge held that "[e]ven assuming for purposes of summary judgment that Plaintiff did not read the Release before signing it . . . the evidence clearly reflects that she either knew *or should have known* the Release's contents and

5

her rights upon execution of the release." R&R 8.  Plaintiff testified "that had she [read the Release,] she would have known upon the reading of it that she was waiving all of her claims against Defendant." R&R 9.  Thus, the Magistrate Judge properly considered all of Plaintiff's testimony.  In sum, the Court agrees with and adopts the Magistrate Judge's R&R and finds that Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, it is hereby **ORDERED** that Defendant's motion for summary judgment is **GRANTED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 10, 2012**