**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Rodessa Scoggins, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:11-3028-PMD-BM |
| v. ) | |
| ) | |
| Honeywell International, Inc., ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon a Bill of Costs filed by Defendant. The Court entered summary judgment in favor of Defendant on December 10, 2012. The Defendant timely submitted a Bill of Costs in the amount of $1,821.71. This amount includes (1) $350.00 in court costs; (2) $878.30 for Plaintiff's deposition expenses; (3) and $593.41 for copying expenses. Plaintiff filed objections to the Bill of Costs on January 14, 2013. For the reasons set forth below, the Court awards Defendant $1,446.83 in costs.

## LEGAL STANDARD

Fed.R.Civ.P. 54(d) declares that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). As such, there is a presumption in favor of awarding costs to a prevailing party. *See Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *see also Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). To overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good reason" for doing so. *Teague*, 35 F.3d at 996; *see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). In this regard, "only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." *Cherry*, 186 F.3d at 446; *see also Smith v. Se. Pennsylvania*

*Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995) (observing that a court may also decline to award costs under Rule 54(d) if such an award would be inequitable). Ultimately, the court has discretion to award or deny costs to the prevailing party. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233–34 (1964). If an award of costs to a prevailing party is deemed appropriate, the court applying Fed.R.Civ.P. 54(d) generally looks to 28 U.S.C. § 1920 to determine what costs may be taxed against the losing party. Pursuant to 28 U.S.C. § 1920, a court may tax the following expenses:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also* Local Civil Rule 54.03 DSC. "The prevailing party bears the burden of showing that the requested costs are permitted by § 1920." *Fells v. Virginia Dep't of Transp.*, 605 F. Supp. 2d 740, 742 (E.D.Va. 2009). "Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing these costs." *Id.*

## DISCUSSION

Defendant seeks $1,821.71 from Plaintiff. Plaintiff generally objects to the Bill of Costs stating that she "does not feel that the Defendant is entitled to any costs related to this matter." Pl.'s Obj. 1. However, the only specific objection Plaintiff makes is to Defendant's request for copying costs in the amount of $593.41.

Pursuant to 28 U.S.C. § 1920(1), Defendant is entitled to recover fees of the Clerk and therefore, should be reimbursed the $350.00 court fee from Plaintiff. Section 1920 also permits "fees for printed or electronically recorded transcripts necessarily obtained for use in the case"

and "the costs of making copies of any material where the copies are necessarily obtained for use in the case." Defendant requests $878.30 for the transcript of Rodessa Scoggins, which includes $155.00 for an attendance fee, $696.85 for an original and one copy of the deposition, and $26.45 for scanned exhibits. The Fourth Circuit has generally favored the allowance of costs for deposition transcripts so long as such costs were "reasonably necessary." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987). Moreover, in the District of South Carolina, a prevailing party is specifically entitled by local rule to recover costs associated with discovery depositions introduced as part of the record on motion for summary judgment if the prevailing party in the case prevails on summary judgment. *See* Local Civil Rule 54.03 DSC (providing that costs incident to taking depositions, including the "stenographer's fee, costs of original transcription, and postage," are "normally allowed"). In its memorandum in support of summary judgment, Defendant made numerous citations to the transcript from Plaintiff's deposition. (*See* ECF No. 16-1). Defendant has not provided, however, any evidence that the copy of Plaintiff's deposition was necessary for the case, and therefore, it is equally likely that the copy was produced for the convenience of the attorney. *See, e.g., Kennedy v. Joy Tech., Inc.*, 484 F. Supp. 2d 502, 504 (W.D. Va. 2007). Further, the Court declines to tax Plaintiff the costs associated with scanning the exhibits. Therefore, the Court finds that Defendant should be reimbursed $503.42[1] for Plaintiff's deposition expenses.

      Plaintiff specifically objects to Defendant's request for copying expenses in the amount of $593.41. Plaintiff argues that these documents were not used at trial as the case was dismissed on summary judgment; therefore, Plaintiff is not responsible. The Court disagrees.

---

[1] Because the invoice provided to the Court does not separately itemize the cost for the original and the cost for the copy of Plaintiff's deposition, the Court divided the $696.85 amount in half.

Recovery of photocopying expenses requires a showing that the papers were necessarily obtained for use in the case. 28 U.S.C. § 1920(4). Copies obtained merely for convenience of the party are ordinarily not allowed. *See Simmons v. O'Malley*, 235 F. Supp. 2d 422 (D. Md. 2002). Defendant contends that Plaintiff should be responsible for the costs incurred in obtaining copies of both the deposition transcript of Virginia Turner and David Phillips Pruett, as well as copies of Plaintiff's medical records that Defendant requested from various physicians. The Court agrees as the information within these documents was not merely obtained for the convenience of Defendant's counsel, but was necessary to allow counsel to properly defend the suit. Moreover, Defendant submitted several of these documents directly to the Court in support of its motion for summary judgment. *See Kennedy v. Joy Technologies, Inc.*, 484 F. Supp. 2d 502, 505 (W.D. Va. 2007) (finding that "copying expenses incurred for submissions to the court or opposing counsel may be taxable"). Therefore, the Court sustains Plaintiff's objection and grants Defendant's request for $593.41 in copying costs.

After careful review of all the records submitted with Defendant's Bill of Costs, the Court finds that it is a proper use of its discretion to award Defendant $350.00 for court costs, $503.42 for costs associated with Plaintiff's deposition, and $593.41 for copying costs.

## CONCLUSION

For the foregoing reasons, the Court awards Defendant $1,446.83 in costs.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**January 24, 2013**

4